## M. S. KAHLE v. SARAH STONE ET AL.

### No. 1057. Decided December 16, 1901.

**1.—Trust—Recitals in Deed—Contractual Relation.**

Recitals in a deed to the effect that the purchase was with trust funds of third parties and the conveyance in trust for them, are not contractual and binding upon the grantee as against the recited beneficiaries, who were not parties nor in privity or contract relation with him. (P. 111.)

**2.—Same.**

Deed to land recited that a cash payment was made with funds of third parties and the land conveyed to the grantee in trust for them. In a suit between such third parties and one claiming by conveyance from such grantee, it could be shown that the land was wholly paid for with funds of the trustee, and not from those of the supposed beneficiaries. (Pp. 109-111.)

**3.—Same—Case Distinguished.**

Kahn v. Kahn, 94 Texas, 114, distinguished as being a controversy between the parties to the deed. (P. 111.)

**4.—Trust—Power of Trustees to Convey.**

Parties who claimed as beneficiaries under a deed, on the ground that its recitals of a purchase with their trust funds were contractual and not to be disputed, would be bound by the terms of the deed and the power of sale it conferred on the grantee. (Pp. 111, 112.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Johnson County.

The Stones sued Kahle for recovery of land. Defendant had judgment; but on plaintiff's appeal it was reformed and rendered, in part, for appellants. Appellee then obtained writ of error.

*O. T. Plummer* and *English, Ewing & Walker,* for plaintiff in error.—The Court of Civil Appeals erred in holding, as a question of law, that the recitals as to the cash part of the consideration contained in the deed

from John H. Brumley and wife to I. Stone, trustee, were contractual, and not subject to challenge, because the recitals as to cash in said deed were only prima facie evidence of their truth and were subject to challenge; and the court erred in holding the same conclusive and unimpeachable. Bartell v. Kelsey, 59 S. W. Rep., 631; Wilson v. Williams, 25 Texas, 54; Stiles v. Giddens, 21 Texas, 784; Hicks v. Morris, 57 Texas, 658, Johnson v. Elmer, 59 S. W. Rep., 253; McLean v. Ellis, 15 S. W. Rep., 394; Garrett v. Robinson, 43 S. W. Rep., 288; Duveneck v. Kutzer, 43 S. W. Rep., 543; Lanier v. Foust, 81 Texas, 189; Osborne v. Endicott, 65 Am. Dec., 498; 1 Perry on Trusts, art. 137 and notes.

The Court of Civil Appeals erred in this: the theory of plaintiffs in error, as shown by their pleading and evidence, is that they owned a trust estate deeded to them by Simon Stone, and that the rents derived from said estate were invested by their trustee in the land in controversy, and that by reason thereof they claim to own an interest therein to the extent of their funds invested; and the defendant in error contends, as a question of law, that the power contained in said Simon Stone's deed fully authorized and conferred discretionary powers upon I. Stone, the trustee therein named, to invest the rents and proceeds of said estate in other lands, and to resell said other lands and convey the superior title thereto; or in other words, the said deed fully authorized the trustee to invest the rents in the land in controversy and to sell the lands and thus convey a valid title, as was done in this case, regardless of the power contained in said Brumley deed. And said court erred in not so holding, and should have affirmed the case upon this point, notwithstanding the question of estoppel as to said recital as to the cash consideration. Mortgage Co. v. Massie, 60 S. W. Rep., 544; Faulk v. Dashiell, 62 Texas, 646; Astugueville v. Loustanau, 61 Texas, 237; Hayes v. Applegate, 39 S. W. Rep., 436; Lewis v. Bank, 23 S. W. Rep., 667; Bank v. Jefferson, 11 S. W. Rep., 769; Commissioners v. Walker, 38 Am. Dec., 437; 2 Perry on Trusts, arts. 473-476, 509, 610; vol. 1, art. 452.

*Ramsey & Odell, H. P. Brown,* and *Finley, Etheridge & Knight,* for defendants in error.—Had this litigation been between plaintiffs in error and Isaac Stone, the latter would have been, by reason of the covenants and recitals contained in the said deed from John H. Brumley and wife to Isaac Stone, as trustee, estopped from asserting that the land in controversy did not constitute the separate property of plaintiffs in error; nor would he have been permitted to offer proof of any such acts, facts, or circumstances as would be calculated to contradict the intention as expressed in the said deed. Callahan v. Houston, 78 Texas, 497; Lewis v. Simon, 72 Texas, 475; Kahn v. Kahn, 94 Texas, 114.

Defendant in error undertaking to derive title under the said deed from J. H. Brumley and wife to Isaac Stone, was, as matter of law, affected by the recitals and covenants is said deed contained, and simply

constituted himself trustee in lieu of the said Isaac Stone. Callahan v. Houston, 78 Texas, 497; Lewis v. Simon, 72 Texas, 475; Kahn v. Kahn, 94 Texas, 114.

Manifestly, under the well considered case of Kahn v. Kahn, being the latest expression of our Supreme Court upon that subject, had the suit of plaintiffs been directed against Isaac Stone, he would have been estopped from in anywise undertaking, by the production of evidence or otherwise, in the absence of allegation and proof of fraud or mistake in the execution of said deed, to challenge or impeach the intention, as specifically expressed in said deed, of constituting the land conveyed thereby the separate property of plaintiffs in error; and in such suit the court would, as matter of law applicable to the said deed, have decreed the property to belong to the plaintiffs in error. This conclusion necessarily follows from the decision in Kahn v. Kahn. It is a familiar and well established principle of law that parties claiming title to land are affected and bound by the recitals in any deed which constitutes a link in their chain of title. Wallace v. Pruitt, 20 S. W. Rep., 728; Golson v. Fielder, 2 Texas Civ. App., 400; Montgomery v. Noyes, 11 S. W. Rep., 138.

It will be observed that the defendant in error was not a creditor of Isaac Stone, nor did he for any reason come within any exceptions to the rule permitting a party to gainsay the recitals and covenants in a deed under and through which, as a link in his chain of title, he asserts ownership; nor is this a case permitting an inquiry as to the true consideration for the said conveyance from John H. Brumley and wife to Isaac Stone, in that the recitals therein are contractual in their nature. The recitals in said deed are more than a bare receipt of the payment of the purchase money; the same constitute the written evidence of the contract between the parties, and such recitals can not therefore be even challenged, much less overcome by parol evidence. 52 Texas, 138.

The said deed vested an immediate beneficial interest in the plaintiffs in error, and the reservation therein attempting to authorize Isaac Stone to sell the land is inoperative. Ritter's Appeal, 59 Pa. St., 9; Taylor v. James, 4 Desau. Ch., 5; Gaylord v. Lafayette, 115 Ind., 423; Sargent v. Baldwin, 60 Vt., 17; Minot v. Tilton, 64 N. H., 371; Gulick v. Gulick, 39 N. J. Eq., 401; Crue v. Caldwell, 52 N. J. L., 215; Garner v. Insurance Co., 110 N. Y., 266; Ewing v. Shannahan, 113 Mo., 188.

The said deed vested in plaintiffs in error a fee simple title, and that portion of the habendum clause attempting to empower Isaac Stone to sell the land is repugnant to the grant and therefore void. Moore v. City of Waco, 85 Texas, 206.

The deed from John H. Brumley and wife to Isaac Stone, trustee, constituted a link in the chain of title of defendant in error, and the recitals therein to the effect that the consideration therefor was paid and to be paid out of the separate funds of plaintiffs in error, and the covenants therein being "in trust for the sole use and benefit of" plaintiffs in error, had the legal effect of putting defendant in error upon

notice of all the rights of plaintiffs in error as expressed in said deed and of constituting him a substitute trustee in lieu of Isaac Stone. In addition to authorities previously cited see the following: Wallace v. Pruitt, 20 S. W. Rep., 728; Garrett v. Parker, 39 S. W. Rep., 147; Golson v. Fielder, 2 Texas Civ. App., 400; Montgomery v. Noyes, 11 S. W. Rep., 138; 1 Jones on Real Prop., 251, et seq.; 2 Jones on Real Prop., 1544, et seq.; 2 Dev. on Deeds, sec. 738a; 2 Washb., Real Prop., 275; Bancroft v. Cosen, 13 Allen (Mass.), 50.

The deed from John H. Brumley and wife to Isaac Stone, trustee, constituted a link in the chain of title of the defendant in error, and the recitals therein to the effect that the consideration therefor was paid out of the separate funds of the plaintiffs in error, and the covenants therein being "in trust for the sole use and benefit of" plaintiffs in error, were contractual in their nature, and, as matter of law, visited notice upon the defendant in error of the rights of the plaintiffs in error, and the court erred in not so instructing the jury. See previous authorities.

The recitals in the deed from Brumley and wife to Isaac Stone, trustee, being in their nature contractual, estopped both Isaac Stone, trustee, and the defendant in error, holding under him, from prosecuting inquiry as to the existence or nonexistence of the facts embraced in such recitals, and the court therefore erred in submitting to the jury the question of what facts an ordinarily prudent man would have ascertained by the prosecution of such inquiries as such a person should have made. Same authorities.

The recital in the deed from John H. Brumley and wife to Isaac Stone, trustee, with reference to the $200 cash paid was conclusive and entitled plaintiffs in error to a recovery of two twenty-fifths of the land sued for. Stone v. Kahle, 54 S. W. Rep., 375, and cases there cited.

BROWN, ASSOCIATE JUSTICE.—Sarah Berkson, Joseph Berkson, Rosa Stone, Yatta Stone, and Jennie Stone instituted this suit in the District Court of Johnson County to recover of M. S. Kahle, plaintiff in error, 177 acres of land situated in that county. Briefly stated, the claim of the plaintiffs was that Isaac Stone, their father, held some real estate in Cleburne, Johnson County, in trust for them, and received from the said real estate rents which, being in his hands, he applied to the purchase of the land in question, and that on the 6th day of March, 1882, J. H. Brumley and his wife, by deed of that date, conveyed the said land to Isaac Stone as trustee for the plaintiffs, in consideration for $2500 paid and to be paid out of the funds which the said Isaac Stone held in trust for his said children. It was alleged that a cash payment of $200 was made of funds then on hand held in trust by the said Isaac Stone, and that the deferred payments were made out of the funds so held by the said Isaac Stone in trust for the plaintiffs. The deed by which the land was conveyed to Isaac Stone is in the following terms:

"The State of Texas, County of Dallas.—Know all men by these

presents: That we, John H. Brumley and S. E. Brumley, husband and wife, of Johnson County, Texas, for and in consideration of twenty-five hundred dollars, viz: two hundred dollars cash in hand paid, the receipt whereof is hereby acknowledged, and two certain promisory notes, one for one thousand dollars ($1000) to become due twelve months after date of this instrument, and the other for thirteen hundred dollars to become due two years after this date, and each to draw interest at the rate of twelve per cent per annum (the same being the separate funds of Sarah Stone, Yatta Stone, and Jennie Stone) do hereby bargain, sell, alien, and convey unto Isaac Stone, in trust for the sole use and benefit of them, the said Sarah, Yatta, and Jennie Stone, of the county of Johnson, State of Texas, the following described tract or parcel of land. * * * To have and to hold the same, together with all and singular the appurtenances thereunto belonging unto him, the said Isaac Stone, as trustee, his heirs and assigns forever, in trust, however, for the sole use and benefit of the said Sarah, Yatta, and Jennie Stone. And the said Isaac Stone is hereby authorized and empowered to manage and lease or rent said premises and to collect the rents, issues, and profits of the same, and to manage, use, and invest said funds for the use and benefit of the said Sarah, Yatta, and Jennie Stone. And he is also empowered to sell the said premises, or any part thereof, and to make to the purchaser or purchasers thereof a good and sufficient deed of conveyance thereto, and to manage, use, and invest the proceeds of such sale or sales for the use and benefit of the said beneficiaries aforesaid."

The defendants in the court below denied that the funds with which the purchase was made belonged to the trust fund held by Isaac Stone, but claimed that it was his individual property, and that by the said deed the title vested in the said Isaac Stone. The evidence was conflicting upon the question as to whom the funds with which the land was purchased belonged and the court submitted that issue to the jury by proper instructions. The verdict necessarily implies that the jury found that the cash and deferred payments were made with money belonging to Isaac Stone in his own individual right and not with the trust funds. Isaac Stone conveyed this property to L. Stone, under whom the plaintiff in error claims. The Court of Civil Appeals did not express any conclusion of fact contrary to the facts which must be implied to sustain the verdict, but reversed the judgment of the District Court and rendered judgment in favor of the plaintiffs below for 2-25 of the land, upon the ground that the recital in the deed from Brumley to Isaac Stone that the $200 cash payment was made out of the trust fund held by Isaac Stone for the plaintiffs was contractual in its nature and could not be disputed.

The writ of error was granted upon the application of M. S. Kahle because this court was of the opinion that the judgment was erroneously entered; and having granted that writ, the application of Sarah

Stone and others was granted as a matter of course. We find no error against the plaintiffs in that petition.

If it were true, as recited in the deed from Brumley to I. Stone, that $200 of the purchase money was paid out of the funds in the hands of I. Stone, as trustee for the defendants in error, then the latter could assert their right to the property and have it subjected to the trust declared in the deed under which the fund originated. The defendants in error would not be bound by the terms of the deed from Brumley to I. Stone, because they were not parties to it, nor would they in such case, assert any right under and by virtue of the deed itself; but their claim would rest upon the fact that the trust fund had been used in the purchase. Strong v. Glasgow, 2 Murphy, 289; Parker v. Coop, 60 Texas, 118. The recital in question would establish, prima facie, the character of the fund invested. Stiles v. Giddens, 21 Texas, 784.

But the finding of the jury precludes the idea that a resulting trust arose in favor of the defendants in error from the investment of a trust fund by Stone, and the judgment of the Court of Civil Appeals can not be sustained upon that ground, but it must be upheld, if at all, by the trust created by the deed. The Court of Civil Appeals held that the recital in the deed was contractual in its character and could not be disputed by I. Stone or those claiming under him. To sustain this holding, the court refers to the case of Kahn v. Kahn, 94 Texas, 114, but there is this difference between the two cases: In that case, the transaction and the controversy were between Kahn and his wife. The husband had the power to make the property the separate estate of the wife and the language used expressed the character of the estate conveyed. The deed in this case is not made to or by the defendants in error and no contractual relation can exist between persons who do not in any way agree to nor accept the instrument unless in privity with one who was bound. The beneficiaries in the trust, not being parties to the deed, are not bound by the recital and can not assert an estoppel by those recitals against Stone or his vendees. The recital of the character of the fund paid for the land was subject to contradiction or explanation. Stiles v. Giddens, 21 Texas, 787. In the case last cited a similar question arose, and the court said: "Again, it is contended that plaintiffs are estopped from denying that the land conveyed by Hughart and wife was the separate property of the wife by this expression used in stating the consideration in land, described as 'land out of her separate property.' This objection is readily obviated upon the rule that the major must include the minor proposition. If he is not estopped from explaining that that which he acknowledged to be a consideration was not a real consideration at all, he is not estopped from explaining the true character of the component parts of the acknowledged consideration."

If, however, we consider the case in the light that the recital relied upon is contractual in its nature, and, by estoppel upon I. Stone and

those who claim under him, would have the same effect as if the facts had been true, then the defendants in error must rely upon the deed, and, claiming title under its terms, whether by estoppel or otherwise, they are bound by the stipulations of that deed as to the powers conferred upon the trustee over the property. They can not claim the land by virtue of the trust created under the deed, and, at the same time, repudiate the provisions which express the powers of the trustee. Roberson v. Tonn, 76 Texas, 542; Giddings v. Steele, 28 Texas, 752.

The terms of the deed from Brumley to I. Stone are broad enough to support the conveyance which was made by I. Stone to L. Stone and conveyed the title of the beneficiaries who claimed under that deed. Mortgage Co. v. Massie, 1 Texas Ct. Rep., 451; 60 S. W. Rep., 544.

For the errors indicated above, the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*