## McKIVETT et al. v. McKIVETT.
### No. 8717.

Court of Civil Appeals of Texas. San Antonio.

Jan. 20, 1932.

Rehearing Denied Feb. 17, 1932.

John Q. Weatherly and A. B. Gerland, both of Houston, for appellants.

Boone & Raymer, of Corpus Christi, for appellee.

FLY, C. J.

Appellants sought to recover an undivided one-half of four lots of land in the Brooklyn addition to the city of Corpus Christi, or for $6,000 in money. Appellants consist of J. E. McKivett and Pat McKivett, sons of J. F. McKivett, deceased, and the appellee is the stepmother of appellants. The jury was instructed to return a verdict for appellee, and judgment was accordingly so rendered.

The uncontroverted evidence showed that the lots had been conveyed to appellee by her deceased husband, which conveyance was evidence by warranty deeds dated November 12, 1925. He died in 1930. Appellee put valuable improvements on the land. This suit was

filed a few days after the death of J. F. McKivett.

Appellants sought through testimony to impress a trust on the property, although they had not pleaded any such trust. Their petition was one in trespass to try to recover one-half of the property. They expected to recover as heirs of their father. The lots were acquired after the marriage of appellee to deceased. She assumed, in the deeds made to her, to pay off the purchase money, and it was paid off and discharged, presumably by appellee. The deeds fixed the character of separate estate in appellee. Fraud was not alleged, nor was the consideration attacked through the pleading.

■■ The court did not err in rejecting parol testimony as to a trust in appellants' favor nor as to the consideration in the deeds from deceased to appellee. If the court had admitted the evidence, it was not sufficient to show that appellants had any interest in the land. The declarations of deceased to appellants were clearly in violation of the statute as to communications or transactions with the deceased. Even though the testimony had been competent, it could not be heard, because no equitable title was pleaded. This was merely a case of a petition in trespass to try title and a plea of not guilty, and in such cases no equitable title can be proved. Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Smith v. Olivarri (Tex. Civ. App.) 127 S. W. 235; Packard v. De Miranda (Tex. Civ. App.) 146 S. W. 211, 213. In the last-cited case it was said by this court: "It is the well-established rule in Texas that, when the relief sought in a suit for land is an equitable one, it will not be given under an ordinary petition in trespass to try title, or a plea of not guilty under the ordinary pleadings in cases of trespass to try title. Neither party can obtain equitable relief, but, in order to admit evidence upon which to found a right to equitable relief, the facts justifying such evidence should be pleaded. Without such equities being pleaded, whoever shows a superior legal title to the land must recover, notwithstanding such facts may have existed which if properly pleaded and proved, would have entitled the opposing party to affirmative relief. Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113; Smith v. Olivarri (Tex. Civ. App.) 127 S. W. 235; Roth v. Schroeter (Tex. Civ. App.) 129 S. W. 203; Wilkin v. Owens, 102 Tex. 197, 114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867."

It is clear that there was no basis for any of the testimony offered by appellants, and, the evidence showing legal title in appellee, the court did not err in instructing a verdict for appellee.

The judgment is affirmed.