J. E. McKivett et al. v. Nora K. McKivett.

No. 6218. Decided May 2, 1934.
(70 S. W., 2d Series, 694.)

*J. Q. Weatherly* and *A. B. Gerland,* both of Houston, for plaintiffs in error.

Where a husband deeded community property to his wife and

after his death his children brought suit against the wife to recover an undivided one-half interest therein, their petition containing the usual statutory requisites of trespass to try title, and on the trial offered to prove an equitable title by showing that the conveyance from the husband to the wife was made under and in pursuance of a prior existing contract and agreement by the terms of which the wife agreed to hold the title in trust for the community and reconvey at such time as he might request, such evidence was not objectionable on the ground that the pleadings did not authorize such proof. Allen v. Stephanes, 18 Texas, 658; Edwards v. Barwise, 69 Texas, 84; Blumenthal v. Nassbaum, 221 S. W., 944; Groesbeeck v. Crow, 85 Texas, 200; Ferritta v. Toler, 43 S. W. (2d) 467; Rogers v. Rogers, 7 S. W. (2d) 126; Rapid Transit Co. v. Smith, 98 Texas, 553.

*Boone & Raymer,* of Corpus Christi, for defendant in error.

Where deeds from husband to the wife recite that the consideration was paid out of her separate funds and estate and for her separate use and benefit, a clear intention of the husband to convey the land therein described to his wife as her separate property is shown, and parol evidence was not admissible to show that such was not his intention. Emery v. Barfield, 156 S. W., 311; Id., 107 Texas, 291; Bird v. Lester, 166 S. W., 112; Kahn v. Kahn, 94 Texas, 114, 58 S. W., 827; Markum v. Markum, 210 S. W., 835; Johnson v. Johnson, 14 S. W. (2d) 805; Faison v. Faison, 31 S. W. (2d) 828.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Four lots in the City of Corpus Christi, being community property and homestead of J. F. McKivett and his wife, Nora K. McKivett, defendant in error, were conveyed by the husband to the wife by two deeds, each reciting the payment by the wife of $10.00 and other good and valuable considerations out of her separate funds, and the assumption of certain notes, and further that the porperty was conveyed to her "for her own separate use and benefit." After the husband's death plaintiffs in error, his sons by a former marriage, sued defendant in error in trespass to try title, seeking to recover an undivided one-half interest in the lots on the theory that they were community property. There is no contention that the recitals in the deeds were inserted by fraud or mistake.

Plaintiffs in error introduced evidence tending to prove that the two deeds were executed and delivered in pursuance of a prior agreement between defendant in error and her husband

that she should hold the title in trust for the community estate, and that the deeds were executed because of fear that the Internal Revenue Department of the United States government would undertake to fix a lien upon the property to secure a sum claimed to be due as an internal revenue tax. The trial court sustained objections to the evidence and instructed a verdict for defendant in error. Judgment in her favor was affirmed by the Court of Civil appeals. 45 S. W. (2d) 1102.

Kahn v. Kahn, 94 Texas, 114, 58 S. W., 825, is decisive of this case. There the husband conveyed community property to the wife by deed containing substantially the same recitals as those in the deeds in this case. The court held to be inadmissible parol evidence offered by the husband that the purpose of the conveyance was to keep peace in the family and that he did not intend by the deed to make the real estate the wife's separate property. The reason given for the decision was that the deed on its face clearly expressed the intent to convey the property to the wife for her separate use and that this intent so expressed in the writing could not be contradicted by parol evidence. In discussing the recital in the deed that the conveyance was for the wife's separate use and benefit, Judge Williams said:

"The statement in the deed from Kahn to his wife is more than the mere statement of a fact. Under the decisions referred to, *its legal effect is to show the character of the right to be created by his deed and is as much a contractual recital as any in the instrument, and belongs to that class of particular and contractual recitals which, in deeds, estop the parties from denying them.*" (Italics ours.)

Judge Brown, in Kahle v. Stone, 95 Texas, 106, 111, 65 S. W., 623, explained that the parties to the deed in Kahn v. Kahn were bound by its recitals because of the contractual relation between them evidenced by the deed. He referred to the language used in the deed in that case as expressing "the character of the estate conveyed."

In 17 Texas Jurisprudence, p. 830, the Kahn case is cited as holding that "parol evidence is inadmissible to establish a trust contrary to the plain intention of the grantor expressed in the deed." Similarly, Judge Speer cites the case in support of text, stating:

"If the language of the deed is such as in legal effect to show the intention of the parties *and to exhibit the character of the right created,* then it becomes of that class of contractual recitals which in deeds estops the parties from denying them."

(Italics ours.) Speer's Law of Marital Rights in Texas (3d Ed.), p. 190.

The principle upon which the decision of Kahn v. Kahn rests is the same as that which controls the cases holding that parol evidence may not be admitted, in the absence of fraud or mistake in the reduction of the contract to writing, to prove another or different consideration when the consideration expressed in the written instrument is contractual or executory. The reason for the exclusion of such evidence is that when the parties have put in writing stipulations about the matter in controversy, they should not be permitted to show an inconsistent agreement. See Coverdill v. Seymour, 94 Texas, 1, 57 S. W., 37; Winkler v. Creekmore (Com. App.), 256 S. W., 257; Johnson v. Johnson (Com. App.), 14 S. W. (2d) 805; Pridgen v. Furnish (Com. App.), 23 S. W. (2d) 307; Guggenheim v. Dallas Plumbing Co. (Com. App.), 59 S. W. (2d) 105.

There is no important difference between the facts in the case of Kahn v. Kahn and those in this case. The recitals in the deeds are the same. In that case the effort was to destroy the effect of the deed by evidence that the husband did not intend for the real estate conveyed to be the separate property of his wife. Such proof would have rendered the deed of no effect, leaving the title in the community, and would have contradicted the stipulations in the deed as to the character of the right to be created. The evidence offered in this case is of such character as to render the deed ineffective. It would prove that the beneficial title did not rest in the wife for her separate use, as the deed declared, but that it remained in the community. Such evidence would contradict the very statements in the deeds which the court held in Kahn v. Kahn to belong to that class of particular and contractual recitals which the parties may not deny. The deeds in express terms declare the particular purpose or use for which the property is conveyed, that is, that it shall belong separately to the wife. Parol evidence should not be admitted to prove that it was conveyed for a different purpose or use.

In the cases relied upon by plaintiffs in error and which permitted the introduction of parol evidence to prove that deeds absolute in form were executed and delivered upon certain trusts, the deeds were in ordinary form and did not contain recitals showing the particular character of the right to be created, or the purpose or use for which the property was conveyed. The parol evidence admitted in those cases was not in contradiction of contractual recitals and did not destroy the effect of the deeds.

The conclusion expressed renders it unnecessary to pass upon other questions presented in the application and decided by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals and that of the District Court are affirmed.

Opinion adopted by the Supreme Court, May 2, 1934.