GRISSOM v. GRISSOM.

No. 3891.

Court of Civil Appeals of Texas. El Paso.

Feb. 1, 1940.

Rehearing Denied Feb. 23, 1940.

Fred C. Knollenberg, J. M. Deaver, and D. J. Smith, all of El Paso, for appellant.

Lea & Edwards, of El Paso, for appellee.

WALTHALL, Justice.

Appellant, defendant in the trial court, prosecutes this appeal from an adverse judgment in the trial court in a divorce proceeding brought by appellee.

The case was tried by the court without a jury on appellee's first amended original petition and appellant's second amended answer and cross action.

Upon the hearing the trial court rendered judgment granting appellee a divorce and decreed that all the real and personal property described in the pleadings of appellee and appellant was the separate property of appellee and that appellant had no claim of any kind thereon, to which judgment and ruling appellant excepted and prosecutes this appeal.

The trial court made and filed findings of fact and conclusions of law.

In view of some of appellant's propositions we state briefly appellee's grounds for divorce.

Appellee states all the facts essential to the jurisdiction of the court to which no question is raised, and we omit stating them here.

Appellee alleged that she and appellant were married on January 9, 1930, and finally separated February 23, 1938, and that there were no children born of the marriage union.

Plaintiff says that during all the time plaintiff and defendant lived together as husband and wife, she was kind and affectionate toward defendant, and performed all her marital duties, but that defendant almost immediately after their marriage aforesaid began and has been guilty of a general course of harsh and cruel treatment toward plaintiff which continued without abatement until the time of their separation as herein set out.

Plaintiff says that defendant has since their marriage continuously and continually drunk to excess and has abused plaintiff, cursed in plaintiff's presence, nagged at her continuously; that the continuous and continual ill treatment of defendant toward plaintiff in his continuous and excessive use of intoxicating liquor and his nagging and quarrelling at plaintiff has seriously broken the health of plaintiff and has made her a nervous wreck; that the treatment of defendant toward plaintiff has caused her physical and mental suffering to such an extent that in February, 1938, she was seriously and desperately ill and during which period defendant left plaintiff in a destitute condition without the care and attention of anyone and that plaintiff was compelled to call upon her friends for assistance during her desperate condition;

that when defendant came back plaintiff refused to permit him to come to the house again and that she does not expect to live with him again; that all the acts of cruel treatment on the part of defendant toward plaintiff is and was cruel treatment of such a nature as to render their further living together insupportable.

Plaintiff alleges that defendant has dissipated and spent the greater portion of the separate estate of plaintiff which plaintiff owned and possessed in her own right at the time of her marriage.

We will first consider the petition for divorce. Appellant submits but one proposition and that to the effect that the divorce should not have been granted under the pleadings and evidence.

The record does not show that appellant presented to the court any demurrer, general or special, complaining of the insufficiency of appellee's petition as not specifically or fully stating the facts pleaded.

The court found that appellee conducted herself in a proper and becoming manner and performed all her marital duties; that shortly after their marriage appellant began to drink intoxicating liquors to excess and many times came home drunk and not in a condition to go into social gatherings with appellee; that he was of a quarrelsome, contentious and disagreeable disposition which was magnified and accentuated by the excessive use of alcohol; that without provocation he cursed and used profane language in the presence of appellee and on one or more occasions called appellee a damn fool; that appellant is by nature unreasonably jealous and often accused appellee of being in love with other men and accused her of phoning to other men from their home; that on one or more occasions appellant accused appellee of going into immoral places of different towns and cities, and made other uncomplimentary remarks of and concerning appellee intended to wound her feelings; that by reason of the above appellant and appellee separated and that there is no reasonable probability they will live together again.

The court concluded as a matter of law that appellant's conduct towards appellee since their marriage constituted cruel treatment of such a nature as to render their living together insupportable and to entitle appellee to a divorce and the restoration of her former name, and so render judgment.

Without quoting the evidence, we have read and considered it. It is much too ex-

tensive to quote here. Appellee testified to the facts as found by the trial court.

Mrs. Nannie B. White testified that she had visited in appellee's home many times; appellant came home intoxicated a number of times; its effect on appellee was that "she was dreadfully humiliated, would resort to tears like most women."

Lawrence Phillip testified that on one occasion he carried appellant home drunk from appellant's place of business.

Appellant testified that all during the years he was drinking to excess, knew appellee's highly sensitive nature and knew its effects on her.

■ We have concluded the evidence is sufficient to sustain the court's findings and to justify the court's decree of divorce.

■ The trial court found that all of the real estate and personal property described in appellee's ·petition and in appellant's answer is the sole and separate property and estate of appellee and that there is no community estate of appellee and appellant in existence; that appellant had no property, real or personal, at the time of his marriage to appellee; that appellant used all the income derived from appellee's separate property for his own personal business and use, and had dissipated not only the rents and revenues of appellee's property, but a large part of her separate estate which had been placed in his care.

The court concluded as a matter of law that appellant has no claim to or interest in any of the real estate or personal property described in the pleadings of either appellee or appellant, and that appellant is not entitled to any of the relief prayed for in his answer on which he went to trial, and in the judgment the court found that all of the property both real and personal described and involved in the suit was and is the separate property of appellee, and in the judgment specifically described the properties, real and personal, as in the petition and answer. The court denied the appellee judgment for $8948.12 as prayed for in her petition, adjudged that appellee is responsible for payment of any and all liens, tax or otherwise, on the property, and taxed all the costs against appellant.

Appellant says judgment should have been given him for one-half of the rental on the farm for 1938, whether the property is separate or community.

Without discussing the evidence further' than to say that the record does not show there was a crop grown or in existence on the farm in 1938, we cite the following authorities: Curlee v. Rogan, Tex.Civ.App., 136 S.W. 1126; Trinity & B. V. Ry. v. Doke, Tex.Civ.App., 152 S.W. 1174; Williams v. King, Tex.Civ.App., 206 S.W. 106; Millingar et ux. v. Foster, Tex.Com.App., 17 S.W.2d 768.

Appellant insists that the personal property described in the judgment and on the ranch purchased with funds from a joint bank account is community property, and that appellant should have been given judgment for one-half of its value.

We have stated the trial court's finding that there is no community estate of appellant and appellee in existence, and that appellant had no property, real or personal, at the time of their marriage, and that appellant used all the income derived from appellee's separate property for his own separate business and use; that he had dissipated the rents and revenues of appellee's separate estate placed in his care. In fact appellant admits such to be the fact.

Question: "I believe you state that she (appellee) came and laid it in your lap and you felt it your duty to take it. I have reference to her estate given to you of some $61,000." Answer: "Yes, sir, that is correct. Wait a minute—I don't want to get things mixed up. There was $61,000 worth of paper."

Question: "$61,000 worth of paper that was her separate property—estate?" Answer: "Yes, sir."

Again appellant said: "I never made an investment but what I talked it over and thought I was going to make some money out of it, and I was over ambitious to make something out of her estate after she put it in my hands, and it ended badly."

Appellee testified: "He just had everything."

Question: "And his street car salary went into this joint account, didn't it?" Answer: "I think he worked about three months the year we were married."

Question: "As a matter of fact he collected your rents, didn't he?" Answer: "Oh, yes."

Question: "What did he do with it?" Answer: "I can't tell you. He dissipated them."

As suggested by appellee, it seems to us that whatever farm implements there were they were bought with appellee's money, or

conceding it to be community property, appellant placed its value at "approximately $2445," and appellee's claim of $8942.12, for which the court refused her judgment, would more than offset appellant's claim for the value of the farm implements.

We think appellee's claim for the $8942.12 was well established, and we think the trial court intended to allow it as an offset, though the judgment does not so state.

Appellee alleged that the three pieces of real estate described in the deed of September 22, 1937, was her separate property. The deed clearly expressed the intention on the part of appellant, the grantor, to make the property described the separate estate of appellee, the grantee. There is no allegation in appellant's answer or evidence in the record that the deed was so worded by accident, mistake or fraud.

The trial court refused to hear evidence to show that at the making or delivery of the deed there was an agreement between the grantor and the grantee that the grantee (appellee) was to hold the property as trustee for the community estate.

Appellant contends the court was in error in refusing to hear the evidence as to such agreement. Appellant in his answer denied that the property described and conveyed in the deed was the separate property of appellee, and offered to show such agreement, and contends here with much force that he should be permitted to show such agreement.

We have concluded that the court was not in error.

We need refer to only one case, that of McKivett v. McKivett, 123 Tex. 298, 70 S. W.2d 694, and the cases there cited. The case is by the Commission of Appeals and is adopted by the Supreme Court. The case is directly in point, and holds contrary to appellant's contention.

We have found no reversible error and the case is affirmed.