### BUTLER v. WAGNER.
#### No. 11486.

Court of Civil Appeals of Texas.
San Antonio.

March 14, 1945.

Rehearing Denied April 11, 1945.

Yelderman & Yelderman and Maude Pridgen Butler, all of Austin, for appellant.

Birkhead, Beckman, Stanard & Vance, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Maude Pridgen Butler in the 126th District Court of Travis County, Texas, against Amanda Wagner in trespass to try title seeking to recover title and possession of Lots 8 and 9, in Block 18, N.C.B. 964, in San Antonio, Bexar County, Texas. Upon the sustaining of a plea of privilege the cause was transferred to the District Court of Bexar County.

The trial began to a jury but after hearing evidence the jury were instructed to return a verdict in defendant's favor. Judgment was accordingly rendered that Maude Pridgen Butler take nothing by her suit, and from this judgment Maude Pridgen Butler has prosecuted this appeal.

Appellant's first point is as follows:

"There is evidence in the record which raises an issue of fact as to whether or not the quitclaim deed from Adolph Wagner to Maude Pridgen Butler as dated November 17, 1942, bears the genuine signature of Adolph Wagner."

Appellant tendered in evidence an alleged quitclaim deed dated November 17, 1942, from Adolph Wagner to herself on which she based her claim of title to said Lots 8 and 9, in Block 18, N.C.B. 964, in San Antonio. Mrs. Butler testified that the signature to this quitclaim deed was the genuine signature of Adolph Wagner. Mrs. W. H. Ferguson and Werner Beckman, Esq., testified that such signature was not the genuine signature of Adolph Wagner. Certainly this testimony would raise a fact issue as to the genuineness of the signature, but this question was not necessarily a decisive question in the lawsuit. The question of the genuineness of the signature would become immaterial unless appellant went further and showed a delivery of the quitclaim deed by Adolph Wagner or his duly authorized agent.

The alleged quitclaim deed was dated November 17, 1942. Adolph Wagner died May 5, 1943. The deed reached Mrs. Butler via anonymous envelope marked "special deliver" and bearing postmark May 5, 1944. There is nothing in the record to show who may have mailed the deed to Mrs. Butler, nor is there anything in the evidence to show that Adolph Wagner ever delivered the deed to anyone during his lifetime. The quitclaim deed does not purport to have been acknowledged by Adolph Wagner, but bears a certificate of acknowledgment dated May 5, 1944, certifying that Maude Pridgen Butler recognizes the handwriting of Adolph Wagner and acknowledges that he executed the same for the purposes and consideration, etc.

It is clear that Adolph Wagner did not mail this quitclaim deed to Mrs. Butler, because it was mailed a year after his death. There is no evidence to show that whoever did mail this quitclaim deed a year after his death had any authority to do so. Therefore, there is no evidence in this record to show that this quitclaim deed was ever delivered by Adolph Wagner, or any one authorized by him to do so, with the intention to pass title to these lots. In the absence of such proof it becomes immaterial whether the alleged quitclaim deed was a forgery or not.

Appellant's second point is as follows:

"There is evidence in the record showing that Amanda Wagner was holder of the legal title to property sued for by Appellant, but was holding it only as trustee for Adolph Wagner and those claiming under him."

We have examined the evidence and conclude that it is insufficient to raise the issue that Amanda Wagner was holding the legal title to the lots involved as trustee for Adolph Wagner and those claiming under him, or that Adolph Wagner had any character of title, legal or equitable, in the property. Regardless of this, however, this is a suit in the bare statutory form of trespass to try title, and in the absence of special pleadings by appellant she cannot recover on the theory of a trust or of an equitable title, and the suit is limited to an adjudication of the legal title. McKivett v. McKivett, Tex.Civ.App., 45 S.W.2d 1102, affirmed 123 Tex. 298, 70 S.W.2d 694; Packard v. De Miranda, Tex. Civ.App., 146 S.W. 211; Groesbeck v. Crow, 85 Tex. 200, 20 S.W. 49; Matthews v. Moses, 21 Tex.Civ.App. 494, 52 S.W.

113, writ denied; Smith v. Olivarri, Tex. Civ.App., 127 S.W. 235, writ denied; Roth v. Schroeter, Tex.Civ.App., 129 S.W. 203, writ refused.

Appellant's third point is as follows:

"If Adolph Wagner prior to his death executed the quit-claim deed and authorized delivery thereof to Appellant, and if at such time Adolph Wagner held any interest in the property in controversy, then as a matter of law whatever interest he had vested in Appellant."

What has been stated above renders this point immaterial.

The judgment of the trial court is affirmed.