**Luis LOPEZ, Appellant,**

v.

**H. E. BARNUM et al., Appellees.**

**No. 14925.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 17, 1971.

Rehearing Denied May 12, 1971.

Pope & Pope, Rio Grande City, for appellant.

Frank R. Nye, Jr., Rio Grande City, Luther E. Jones, Corpus Christi, for appellees.

KLINGEMAN, Justice.

This suit was filed by Luis Lopez against H. E. Barnum and Dr. Rene E. Solis, Sheriff of Starr County. The parties will be referred to as in the trial court. Plaintiff's original petition alleges the statutory action of trespass to try title to 634.-41 acres of land in Starr County, Texas, therein described, and prays for judgment for title and possession, rents, costs, and general relief. By alternative plea, plaintiff asserted that the Sheriff had levied on such property and was attempting to sell the same under execution to satisfy a money judgment obtained by H. E. Barnum against Isauro Lopez in another suit; that the said Isauro Lopez did not own such property, or have any interest therein, and prayed for an injunction and restraining order prohibiting the Sheriff from making further levy on such property or any sale of such property pursuant thereto. Plaintiff also sought damages in the sum of $30,000.00. Defendants answered by a plea of not guilty and a general denial. Plaintiff also filed a motion for declaratory judgment. It appears from the briefs and the record, that all parties treated this suit as one for an injunction to keep the lands referred to from being subjected to sale under an execution issued in a damage suit in favor of H. E. Barnum against Isauro Lopez, father of plaintiff.

Trial was to the court without a jury and judgment entered that plaintiff take nothing by his suit.

The evidence consists only of a stipulation entered into by the two parties, and seven exhibits introduced in connection therewith. It appears from such stipulation and exhibits that Isauro Lopez, the father of Luis Lopez, was the common source of title or interest; that Barnum had filed suit against Isauro Lopez in Cause No. 3537, which resulted in a judgment dated July 11, 1967, for Barnum in the sum of $17,750.00; that such judgment is a final judgment, and was not appealed from by Isauro Lopez; that a lis pendens notice was filed for record in Starr County on March 21, 1967, in connection with Cause No. 3537;[1] that Luis Lopez was not a party to said Cause No. 3537; that the property described in plaintiff's petition was conveyed to Luis Lopez by Isauro Lopez by two deeds, both dated May 3, 1967;[2] that the above mentioned deeds predate the judgment obtained by Barnum against Isauro Lopez; that an abstract of such judgment was filed in Starr County,

---

1. Such lis pendens states that such suit is for an accounting in a joint venture, for dissolution of such joint venture, and for actual and exemplary damages. Such lis pendens lists the property involved to be 100 head of mother cows, 30 calves, 4 bulls, and "305 acres of land in Starr County, Texas."

2. These deeds were filed for record in Starr County in May of 1967. Each of said deeds recites a consideration of $10.00 and other valuable considerations paid by Luis Lopez.

Texas, on July 12, 1967; that an execution was issued in October of 1967, seeking satisfaction of such judgment out of any property of Isauro Lopez subject to execution.

Findings of Fact and Conclusions of Law were filed by the trial court. The Findings of Fact may be summarized as follows: That at the time of the execution of the two deeds from Isauro Lopez, a relation of creditor and debtor existed between H. E. Barnum and Isauro Lopez; that such relation existed because at the time of execution of such deeds, there was a pending suit in the District Court of Starr County, wherein H. E. Barnum asserted a right to recover damages in tort against Isauro Lopez; that a judgment was thereafter entered in favor of H. E. Barnum against Isauro Lopez in the sum of $17,500.00; that such judgment is a final judgment, and has not been appealed from; that Isauro Lopez executed each of such deeds with the intent to hinder, delay and defraud his creditor, H. E. Barnum; that plaintiff failed to establish by a preponderance of the evidence that he paid any valuable consideration for said deeds, or either of them; that plaintiff failed to establish by a preponderance of the evidence that at the time of execution of such deeds, Isauro Lopez was then possessed of property within this State, subject to execution sufficient to pay his existing debts. In its Conclusions of Law, the court found that said deeds are void as to the said H. E. Barnum; that an execution sale may be conducted by the Sheriff at the instance of H. E. Barnum with reference to the interest of said Isauro Lopez in the lands covered by said deeds, to the same extent as though such deeds have never been executed; that plaintiff is not entitled to a permanent injunction, and defendant is entitled to entry of a final judgment that plaintiff take nothing.

Plaintiff brings forward ten points of error. He asserts that the trial court erred in giving any consideration to the lis pendens notice for the reason that the cause of action asserted in Cause No. 3537 did not support a lis pendens notice, and that the description of the real property in such notice is not legally sufficient; that the trial court erred in giving any consideration to the abstract of judgment filed, because at the time of the filing thereof, the property had been conveyed to plaintiff by Isauro Lopez; that the property was not subject to execution because at the time of the execution, Isauro Lopez had no interest in such property; that the court erred in finding that a creditor-debtor relationship existed at the time of the execution of the deeds, because there are no pleadings or evidence to support such finding; that there are no pleadings or evidence to support the court's finding that the deeds were executed with the intent to hinder, delay, and defraud creditors; that there are no pleadings or evidence to support the court's finding that plaintiff failed to establish that he had paid a valuable consideration for such deeds; that there are no pleadings or evidence to support the court's finding that plaintiff failed to establish that at the time of the execution of deeds, Isauro Lopez possessed property subject to execution sufficient to pay his debts; that there are no pleadings or evidence to support the court's holding that the deeds are void as to Barnum, and that an execution sale may be conducted by the Sheriff at the instance of Barnum; and that there are no pleadings or evidence to support the entry of a take-nothing judgment against plaintiff.

The chief thrust of plaintiff's complaint is that the court's findings and the judgment entered herein are not supported by the pleadings. Although the trial court made findings that the deeds from Isauro Lopez to Luis Lopez were made with the intent to defraud Barnum; that plaintiff failed to establish that such conveyances were supported by a valuable consideration; that at the time of execution of such deeds, Isauro Lopez did not possess sufficient property to pay his existing debts; and that such deeds are void as to Barnum, there are no pleadings attacking such con-

veyances. Defendants nowhere allege that such deeds were made with the intent to hinder, delay, and defraud Barnum, or that such conveyances were made without consideration, or that Isauro Lopez was not possessed of sufficient property to pay his existing debts at the time of execution of such deeds.

■ Ordinarily, fraud and want of consideration must be affirmatively pled. Rules 93 and 94, Texas Rules of Civil Procedure. It has been held in a suit to cancel a deed of land in trust that where the pleadings did not raise the issue that such deed was made in fraud of creditors, such issue could not be raised by the evidence independent of the pleadings. Smith v. Olivarri, 127 S.W. 235 (Tex.Civ.App.1910, writ dism'd). It cannot be said that the issues not raised by the pleadings were tried by express or implied consent. Rule 67, T.R.C.P. There is nothing in the evidence to raise the issues that such conveyances were made with the intent to defraud creditors, or that they were not supported by consideration.

This Court in Smith v. Olivarri, supra, said: "* * * in the case of Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49, in which the pleadings of the plaintiff were simply the statutory form of trespass to try title, and answer of the defendant a plea of not guilty, it was held that no equitable relief could be obtained by either party, although equities arose from the evidence in the case. The same doctrine has been applied in cases of trespass to try title by this court, and the application of it approved by the Supreme Court. Matthews v. Moses, 21 Tex.Civ.App. 494, 52 S.W. 113; Fleming v. Ball, 25 Tex.Civ.App. 209, 60 S.W. 985. In the Matthews-Moses Case the appellant was plaintiff in the trial court, and introduced a deed made by one Emily Thorogood, and this court held: 'When appellant introduced the deed made by Emily Thorogood in evidence, she had presented a prima facie case that could be met alone by proof of fraud in obtaining the deed. There was no pleading upon which appellee could obtain the equitable relief of cancellation of the deed on the ground of fraud.' Appellee had pleaded general denial and not guilty in that case. The judgment of the trial court was reversed, and judgment rendered for appellant, in spite of the plea of not guilty.

"Under the authorities cited, which have never been questioned, appellees cannot recover the land in question on the ground of fraud, when they have not alleged such fraud." See also McKivett v. McKivett, 45 S.W.2d 1102 [Tex.Civ.App.—San Antonio 1932, aff. 123 Tex. 298, 70 S.W.2d 694 (Tex.Com.App.1934, opinion adopted)]; Butler v. Wagner, 186 S.W.2d 846 (Tex. Civ.App.—San Antonio 1945, writ ref'd W.M.); Packard v. De Miranda, 146 S.W. 211 (Tex.Civ.App.—San Antonio 1912, writ ref'd); Roth v. Schroeter, 129 S.W. 203 (Tex.Civ.App.1910, writ ref'd).

Defendants have cited a number of cases where under somewhat similar facts as present in this case, conveyances have been held to be a fraud of creditors; but in these cases, there were pleadings attacking such conveyances as being fraudulent conveyances.

■ This case has not been fully developed, either in pleadings or in evidence. As before noted, there are no pleadings attacking such conveyances as being in fraud of creditors, or any pleadings pertaining to other material elements with regard to conveyances to defraud—whether the purchaser paid a valuable consideration—whether such purchaser had notice of any fraudulent intent of his grantor—whether the debtor at the time of the conveyances was possessed of property within the State subject to execution sufficient to pay his existent debts. Further, there is no evidence of the consideration paid for such conveyances, except the recitals in the deeds themselves; there is no evidence that the debtor was not possessed of property subject to execution sufficient to pay his existing debts; nor is there any evidence that the purchaser had any notice of

fraud, if there was any.[3] The court's findings and judgment are not supported by the pleadings or the evidence. Since it is our opinion that this case has not been fully developed on trial, the equities require that this cause be reversed and remanded in order that justice be done between the parties.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

3. At the time of the execution of the deeds from Isauro Lopez to Luis Lopez, Articles 3996 and 3997, Vernon's Annotated Civil Statutes, were in force and effect. Article 3996 provides in effect that every deed or conveyance given with intent to delay, hinder, or defraud creditors, shall as to such creditors be void, but that such Article shall not effect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor. The applicable provisions of Article 3997, provide that every gift or conveyance made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within the State subject to execution sufficient to pay his debts. These Articles were repealed by the new Business & Commerce Code, effective as of September 1, 1967, but somewhat similar provisions are found in Article 24.02 and Article 24.03, Business & Commerce Code, V.T. C.A.