**H. E. BARNUM, Petitioner,**

v.

**Luis LOPEZ, Respondent.**

**No. B–2787.**

Supreme Court of Texas.

Oct. 6, 1971.

Frank R. Nye, Jr., Rio Grande City, Luther E. Jones, Jr., Corpus Christi, for petitioner.

Pope & Pope, John A. Pope, III, Rio Grande City, for respondent.

PER CURIAM.

The court of civil appeals concluded its opinion in this case in the following language: "Since it is our opinion that this case has not been fully developed on trial, the equities require that this cause be reversed and remanded in order that justice be done between the parties." The court of civil appeals then entered judgment reversing the judgment of the trial court and remanding the cause to that court for a new trial. See Lopez v. Barnum, 466 S.W.2d 612, at 616 (Tex.Civ.App.—San Antonio 1971).

An appellate court is not authorized to reverse a judgment of a trial court on the ground that the "case has not been fully developed on trial." It may only reverse for error committed on trial. Having reversed because of error committed on trial, a court of civil appeals or the Supreme Court may, because the case has not been fully developed, or in the interest of justice, or for like reason, remand for a new trial rather than render the judgment which should have been rendered by the court below. See Rules 434 and 505, Texas Rules of Civil Procedure.

The record in this case reflects that error was committed on trial requiring a reversal of the trial court's judgment. The judgment of the court of civil appeals reversing the judgment of the trial court was, therefore, proper, and its judgment remanding the cause rather than rendering judgment for the appellant was authorized by Rule 434. Accordingly, the application for writ of error is refused, no reversible error.