### WILKERSON v. CHARO.†

(Court of Civil Appeals of Texas. Dec. 21, 1910. Rehearing Denied Jan. 18, 1911.)

GIFTS (§ 25*)—PAROL GIFT OF LAND—IMPROVEMENTS.

A parol gift of land, followed by no permanent or valuable improvement on the land in the life of the donor, vests no title.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 43–48; Dec. Dig. § 25.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Blaza Charo against Jim Wilkerson. Judgment for plaintiff. Defendant appeals. Affirmed.

A. Winslow, for appellant. H. G. Dickinson, for appellee.

NEILL, J. Blaza Charo, a single woman, brought this suit on July 21, 1909, in the form of an action of trespass to try title against Jim Wilkerson to recover possession of and title to lot No. 6 in block 73 in the city of Laredo, Webb county, Tex., as designated on the map of said city. The defendant pleaded not guilty, ownership under a parol gift to him by Blaza Carr, and the 10-year statute of limitation. The case was tried before a jury, whom the court peremptorily instructed to find a verdict for the plaintiff, and the defendant has appealed from the judgment rendered upon the verdict found in obedience to the court's charge. Both parties claim under Blaza Carr as the common source of title, the plaintiff as devisee under her will, and defendant under a parol gift.

Blaza Carr, on June 3, 1896, executed her last will, in which she appointed Daniel Milmo and J. O. Nicholson her independent executors without bond, devising them in trust for the use and benefit of Blaza Charo, plaintiff, certain parcels of land, among which is the lot in controversy, directing the trustees to use the rents derived from the property for the education and maintenance of said Blaza, the will reciting that she then lived with the testatrix and was about 2½ years old, and to convey the same to her when she arrived at the age of 25. The testatrix died in April, 1908. Her will was duly probated in the county court of Webb county on October 19, 1908, and Daniel Milmo—his co-appointee, J. O. Nicholson, having died in the meantime—qualified as independent executor without bond under the will. He afterwards as such executor, under the power given him by the will, conveyed to plaintiff those parcels of land devised to her, which he held in trust for her under said will.

It was proved beyond a shadow of a doubt that the defendant never held peaceable adverse possession, within the meaning of the 10-year statute, at any time, for the requisite period to bar plaintiff's action and vest title in him to the land sued for, or any part of it, under the statute of limitation which he pleaded. If there be any evidence tending to show that the testatrix made defendant a parol gift of the premises, there is none tending to prove that prior to her death he ever placed any permanent or valuable improvements upon the land in question.

Therefore, in view of the undisputed facts, the court did not err in peremptorily instructing a verdict for plaintiff.

Affirmed.