### DREYER et al. v. SOUTHARD.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912. Rehearing Denied June 26, 1912.)

1. VENDOR AND PURCHASER (§ 93*) — CONTRACTS OF SALE—FORFEITURE.

Where a purchaser in an executory contract of sale made substantial payments of the price and expressed a willingness to pay the remainder, the vendor, retaining a lien for the unpaid price, could not rescind the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 153, 154; Dec. Dig. § 93.*]

2. GIFTS (§ 41*)—PAROL GIFT OF REAL ESTATE—VALIDITY.

A parol gift of real estate, repudiated by the donor's demand of possession and bringing suit of forcible entry and detainer for possession prior to the making of any improvements by the donee, is invalid.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. GIFTS (§ 41*) — CONTRACTS — REVOCATION OF GIFT.**

Where a husband made a parol gift of real estate to a child in consideration of the wife relieving him of any duty to contribute to the support of the child, and pursuant to an understanding that he would at once give the wife possession of the property if she and the child would make it their home, and the wife accepted the proposition and took possession of the child and made payments for support of the child, and the husband then revoked the gift, and sought to recover possession, the wife could recover the amount expended for the care and education of the child prior to the revocation of the gift, free from liability for rent for the premises prior to the revocation, but, where she retained possession after the revocation, she was chargeable with the rent.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

**4. VENDOR AND PURCHASER (§ 289*)—TENDER OF PRICE—RIGHTS ACQUIRED.**

Where a purchaser out of possession tendered the unpaid part of the price secured by vendor's lien, but the tender was refused by one in possession, the latter was properly charged with the rents of the property from the date of the tender to the date of the trial of the purchaser's suit to redeem.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

**5. APPEAL AND ERROR (§ 1073*)—HARMLESS ERROR—ERRONEOUS JUDGMENT.**

Where, in a suit to redeem land from a vendor's lien, plaintiff paid into the court the balance due on the purchase-money notes, principal, interest, and attorney's fees, and the court properly charged two of the adult defendants with rents which were less than the amount paid into court, the error in a judgment against the infant defendant for rents was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

**6. VENDOR AND PURCHASER (§ 289*) — CONTRACTS—VENDOR'S LIEN—REDEMPTION.**

A purchaser giving a vendor's lien note for the unpaid price brought suit to redeem, and in his petition he alleged that he tendered into court the principal of the note and interest and attorney's fees, and asked the court to apply the money on the payment of the indebtedness. The court found that the purchaser's tender of the amount due, principal, interest, and attorney's fees, was not made until after the suit was instituted, and that the tender was refused. *Held*, that the court properly allowed the attorney's fees tendered in determining the amount necessary to constitute a sufficient tender.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by A. V. Southard against M. W. Dreyer and others. From a judgment for plaintiff, defendants appeal. Reformed and affirmed.

Henry E. Vernor and Don A. Bliss, both of San Antonio, for appellants. Augustus McCloskey and E. D. Henry, both of San Antonio, for appellee.

JAMES, C. J. This suit was brought by Southard against M. W. Dreyer and Mrs. L. C. Jacobs to redeem a lot.

The petition alleged, in substance: That A. B. Jacobs bought the lot from A. J. Greiner and Chas. Crow, who executed to him a deed therefor, which reserved an express lien to secure two purchase-money notes to A. B. Jacobs, one being for $1,500 payable $50 monthly beginning January 1, 1908, and the other for $600 due one year after date with 8 per cent. interest per annum. That on February 1. 1909, all of said $1,500 was paid except $850, and all of the $600 note was paid except $129.48, when Jacobs failed to make payments and the holder of said notes and legal title declared them due, thereby maturing the balances thereof, which amounted to $979.48 principal and $224.37 interest at the time of filing of suit. That the notes also provided for attorney's fees. That on February 9, 1909, A. B. Jacobs tendered the amount principal and interest and attorney's fees on both notes, which tender was refused, and that thereupon said A. B. Jacobs sold and conveyed said lot to his mother, Ida Jacobs, she assuming the payment of said notes. That on May 20, 1909, Ida Jacobs conveyed the lot to plaintiff Southard, she assuming the payment of the notes. That appellee on November 19, 1909, tendered defendants the amount of principal, interest, and attorney's fees of said notes, which was refused. That defendants have been using and occupying the property from the date she, appellee, purchased it, and the reasonable rental value thereof is $25 per month. That defendants had declared the contract of sale forfeited, and claimed the right to use and occupy the property and to take it for the indebtedness. That appellee was willing, ready, and able to pay the debt and tendered it into court with the amount of the attorney's fees. The prayer was for judgment against both defendants, canceling the notes, quieting her title, that the money tendered into court be turned over to them, and that she recover the rental value of the property from May 20, 1909, and that she be required to pay no interest after November 19, 1910, that she recover possession and her costs, and for general relief.

Defendants answered by demurrers, general denial, and by special answer, in substance, as follows: That A. B. Jacobs and Mrs. L. C. Jacobs were once husband and wife, and had a child, Raymond Jacobs, now about 18 years old. That A. B. Jacobs about May, 1908, proposed to her that he would give the child his interest in said property in consideration of his being relieved of any duty to contribute to its support and education, and would at once give Mrs. Jacobs possession of the property, if she and her child would make it their home. That she

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

accepted the proposition and moved into the property, and she with her child and her aged and dependent mother have ever since occupied it as a home. That at the time of said proposition Jacobs represented to Mrs. Jacobs that he had made all payments that were due and would fall due up to June 1, 1909. That she was ignorant of the terms of the contract of sale, though Jacobs did inform her that there was still some of the purchase money unpaid, which she was expected to pay and promised him she would pay. That a few months after the transaction A. B. Jacobs tried to evict them by a forcible entry and detainer suit, which he dismissed. That then she, Mrs. Jacobs, ascertained the terms of the sale of the lot to Jacobs, and paid to Greiner and Crow the full amount of the notes and had them assigned to said M. W. Dreyer without recourse. That she did so, not for the purpose of enforcing the payment of the notes against her husband, but for the purpose of carrying out her agreement with Jacobs, and for the further purpose of having the contract rescinded so as to vest the legal title to such property in her mother for the benefit of the child. That at the time she ascertained the terms of the sale she ascertained, also, that the representation of Jacobs that he had made all payments up to June 1, 1909, was false, the truth being that he had only paid up to the time of the transaction. That, as soon as she had caused the superior title to be placed in her mother, she notified Jacobs that, unless he paid off the notes within a reasonable time, the contract would be rescinded, and, as he did not comply, she caused her mother to rescind the contract, and notified Jacobs accordingly. That it was understood with Mrs. Dreyer that she should hold the superior title, and that the rescission was for the benefit of the child. That Mrs. Jacobs had upon the faith of the said oral gift made permanent and valuable improvements consisting of a sewer and other improvements which she would not have otherwise put into the property. That she had faithfully kept her agreement with Jacobs, had relieved him from contributing to support and educate the child, and had bought up the notes to relieve Jacobs from paying them, unless the court should hold that the plaintiff, Mrs. Southard, is entitled to recover or redeem the property, in which event she would insist upon the notes being paid according to their tenor and effect. That Mrs. Ida Jacobs, the mother of A. B. Jacobs, with full notice of all the facts, conspired with plaintiff, A. V. Southard, to deprive the child of this property, and in pursuance of the conspiracy a conveyance was made by A. B. Jacobs to said Ida Jacobs, who brought a suit of forcible entry and detainer against L. C. Jacobs in order to acquire possession. That, having failed so to get possession, Ida Ja-

cobs made a conveyance to plaintiff Southard, both of said conveyances being merely colorable, and, if any consideration in either case was paid, it belonged to A. B. Jacobs, and the conveyance to plaintiff was for his benefit and in pursuance of the conspiracy, etc.

The answer further alleged that, when the sale was made by Greiner and Crow to Jacobs, the latter delivered to them as additional security a claim against the Woods National Bank, all of which had not been collected by Greiner & Crow before their conveyance of the superior title to M. W. Dreyer, and which claim, when said notes were taken up and the superior title conveyed, defendants caused to be returned to Jacobs, who accepted and received the benefit of same after the rescission, and he thus recognized and assented to the rescission. Defendants prayed for a decree declaring the rescission of the executory contract valid, and vesting the title, legal and equitable, to said property in the child, Raymond Jacobs, etc., and asked that Raymond Jacobs be made a party. He became a party and was represented by a guardian ad litem, who, for him, adopted the answer of the defendants. By supplemental petitions the answer was demurred to, a general denial interposed, and it was alleged that Greiner & Crow had, by their conduct, waived the strict performance of the contract by Jacobs, and that at the time the payment was due, on account of which rescission was declared, Jacobs was too ill to attend to any business, and that, as soon as he was able, he tendered payment of the indebtedness, and that he and those claiming under him had ever since offered and tendered payment thereof. There was denial of any parol gift, and it was alleged that, if there was a gift, it was revoked by Jacobs before any improvement of the property.

The court, by request of the parties, submitted the case to a jury on a special issue, viz., as to whether or not A. B. Jacobs made a parol gift of his interest in the property to his son, Raymond Jacobs. The jury answered, this in the affirmative. However, upon motion of plaintiff, the court entered decree that plaintiff recover the property, that the notes be canceled, and that plaintiff recover of defendants rents at $18 per month from May 20, 1909, amounting to $540, to be deducted from the fund deposited, that plaintiff pay all costs incurred up to the time of the payment of the money by her into court, and that defendants and Raymond Jacobs pay all costs incurred after that time. Defendants and Raymond Jacobs appeal.

The court filed its own findings, on other issues, from what it says was the undisputed testimony, as follows: (1) That the oral gift was not followed by any improvement of the property, and four months thereafter

Jacobs expressly repudiated it, demanding possession. (2) That after the date of the gift Jacobs made payments on the notes in the sum of $595.65. (3) That Mrs. Jacobs, by the understanding giving her possession of the property, agreed to relieve Jacobs of the cost of the minor's care and education, and she had expended $50 per month for that purpose. (4) That the property was conveyed to Mrs. Southard on May 20, 1909, that the rental value of the property was $18 per month, and that defendants have occupied it ever since May 20, 1909, and are liable to plaintiff, Mrs. Southard, for same. (5) That defendants own the notes, on which there is due $979.46 principal, $303.33 interest, and $128.87 attorney's fees, that on October 17, 1911, plaintiff tendered said amounts in cash to defendants, who refused same, and thereupon they paid same into the treasury of the court in satisfaction of the rights of defendants and of said minor, Raymond Jacobs, in the premises.

The first assignment of error is overruled. It is not perceived how the ruling complained of prejudiced appellants in view of the admission of record that appellee's position in the case was the same as that of A. B. Jacobs.

[1] The second, third, fourth, and fifth assignments are briefed together, and contend: That, A. B. Jacobs having failed to comply with the terms of the contract of sale, the appellant Mrs. Dreyer, as holder of the vendor's lien notes and superior title, had the legal right to rescind such executory contract. We hold that this proposition is not maintainable in view of the findings of the judge and the undisputed testimony showing large and substantial payments on the notes, and a willingness to pay the remainder. Moore v. Giesecke, 76 Tex. 544, 13 S. W. 290; Kauffman v. Brown, 83 Tex. 47, 18 S. W. 425; Wiseman v. Cottingham, 141 S. W. 818, and cases there cited; Hamblen v. Folts, 70 Tex. 133, 7 S. W. 834. This disposes of appellants' propositions 1, 2, and 3. By a fourth proposition and some subpropositions under these assignments appellants maintain that the court erred in allowing appellee to redeem and recover the property without requiring her to reimburse Mrs. L. C. Jacobs for what she had expended in maintaining and educating the child, Raymond, at least from the time of making of the contract involving the oral gift up to the time appellee invoked the equitable jurisdiction of the court; it being admitted of record that she occupied the same position in the case as A. B. Jacobs.

[2] Upon the subject of the oral gift, the court found "that the parol gift to Raymond Jacobs was made during the month of June, 1908, and was expressly repudiated by the donor during the month of October, 1908, by A. B. Jacobs demanding possession of the property and bringing suit of entry and detainer for possession, that no improvements of any character had been made upon the place by the donee before the date of said repudiation by the donor." Upon this finding of fact, the oral gift of real estate was clearly of no effect in law, and the contract connected with it is not invoked further than as a basis to claim that what Mrs. Jacobs expended in maintaining and educating the boy, in pursuance of the arrangement, she should in equity have been compensated for.

[3] The contract or arrangement was of no effect after the gift it was connected with had been revoked or repudiated under the circumstances found by the court to exist, and this claim, therefore, covers no more than four months, which at $50 per month, the amount expended for the care and education of the boy, as found by the court, would be $200. We think Mrs. Jacobs, and consequently appellant (because it was agreed that the latter was for all purposes Mrs. Jacobs),, was in the adjustment of the equities entitled to an allowance of that sum against Jacobs, who, under the agreement of the parties, was represented by appellant Mrs. Dreyer for all purposes of this cause. But, if equity requires appellee to pay such sum, it is equally true it will require appellant to pay rent for the property occupied by her from and after the revocation of the gift and demand for possession. The possessory right was in Jacobs, and she was a trespasser after that time. The court charged appellants with rents only from and after May 20, 1909, which was seven months after the revocation. It appears to us, Jacobs having orally agreed that Mrs. Jacobs should occupy the property, that during the period the oral understanding was recognized she should not be required to pay rent, and, further, that the payments made by her during said period in the care and education of the boy, he should be required to reimburse her for, having caused her to make such expenditures on his account by his oral agreement, which he afterwards saw fit to revoke.

According to the court's findings, the oral arrangement was unrevoked by Jacobs for four months, from some time in June, 1908, to some time in October, 1908. The expenses paid by Mrs. Jacobs for the boy during that time amounted, according to the findings, to $200. Mrs. Jacobs was in equity entitled to this sum against Jacobs. But at the same time it appears from the undisputed evidence that Mrs. Jacobs occupied and withheld the property from and after October, 1908, the date of the revocation of the gift arrangement, and is justly chargeable with its rental value from and after that time. The court charged her with rent from May 20, 1909, so that there were seven months' rent which she really owed, but which the judgment does not charge her with. The court found the rental value to be $18 per month. We are of opinion that these matters

should be taken into consideration; and therefore, in response to the contention now made by appellants, we conclude that appellants should be credited with the difference between $200 and $126, to wit, $74. See quotation from Pomeroy's Eq. Jurisprudence in Chaney v. Coleman, 77 Tex. 102, 13 S. W. 850.

[4] The court did not err in rendering judgment against appellants, Mrs. Jacobs and M. W. Dreyer, for rent of the property from May 20, 1909, to the date of trial. Hence we overrule the sixth and seventh assignments.

[5] The eighth is that the court erred in rendering judgment against the defendant, Raymond Jacobs. The decree was against M. W. Dreyer, Mrs. L. C. Jacobs, and Raymond Jacobs represented by his guardian ad litem for $540 rents, but it appears that appellees had paid into court the balance due on the notes, principal, interest, and attorney's fees, which money, less said $540, was awarded to appellants, thus satisfying the judgment for $540. Therefore the minor was not prejudiced by the judgment for rents.

The ninth assignment is overruled, as what is stated therein does not show that the court erred in the finding attacked by it.

[6] Appellee has a cross-assignment of error, which complains of the overruling of a motion to correct the judgment allowing defendants a recovery of attorney's fees. The motion as made in the district court stated grounds as follows: "Because defendants had no right to declare said notes due; because defendants did not ask for said attorney's fees; because it was not shown that said attorney's fees are reasonable, or that the same were agreed to be paid by defendants to their attorneys; and because there is no pleading or evidence that would justify the allowance of the judgment for said attorney's fees." Appellee's original petition, filed November 21, 1910, offered as follows: "Plaintiff hereby tenders into open court the amount of money, including both principal and interest and attorney's fees, and hereby asks the court to apply the money herewith tendered into court upon the payment of said indebtedness upon a final hearing hereof." The prayer was for "cancellation of the notes and that the title to the property be vested in plaintiff, that the money here tendered into court be paid to defendants as the court may find them entitled to same, and that she have judgment for the rental value of the property from May 20, 1909, to the date of trial, and that she be not required to pay interest on said indebtedness after February 9, 1909, the date of the original tender, and that she be not required to pay interest on said indebtedness after November 19, 1910," and for general relief. The testimony is not undisputed, as appellee claims, that a tender or tenders had been made prior to the suit. The finding of the court on the subject was that on October 17, 1911 (which was some time after the suit was instituted), plaintiff tendered in cash the balance of the notes, principal, interest, and attorney's fees to defendant, who refused to accept the same, and thereupon plaintiff paid same into court in satisfaction of the rights of defendants in the premises.

Under these circumstances, we do not see how it can be said that the court was without warrant in allowing the attorney's fees tendered.

The decree of the district court will be reformed so as to allow defendants the sum of $74 as above pointed out, thus increasing the sum due them by that amount, and, as thus amended, the judgment will be affirmed.