## TRAWICK et ux. v. BUCKNER ORPHANS' HOME.

### No. 7673.

Court of Civil Appeals of Texas. Austin.

Dec. 23, 1931.

242

R. E. Lee, of Brownwood, for appellee.

BAUGH, J.

Buckner Orphans' Home, a corporation, sued the appellants in trespass to try title to about 2½ acres of land in Brown county, Tex., devised to it by the will of W. S. Westcott. The appellants, defendants below, pleaded not guilty, and filed a cross-action asserting title to said lands by limitation, and by parol gift from W. S. Westcott and wife, alleged to have been made in 1919. At the conclusion of the evidence the trial court instructed a verdict in favor of Buckner Orphans' Home.

■ Appellant has not briefed the case, nor does the transcript contain any motion for a new trial, assignments of error, or show any exception taken to the judgment of the trial court. The appeal is prosecuted upon affidavit of inability to pay costs.

Appellee, however, has filed briefs herein, requesting that the judgment of the trial court be affirmed. In such case the appellate court may affirm the judgment of the trial court. Rule 39 Courts of Civil Appeals; 3 Tex. Jur. 936, and cases cited; Peter Co. v. Green (Tex. Civ. App.) 42 S.W.(2d) 1054.

The record discloses that appellants went into possession of the premises in controversy in November, 1918, and have remained in continuous possession since that time. The gift claimed from Westcott and testified to by Trawick was made in 1919. No written conveyance was ever executed. W. S. Westcott died in 1927 and his will was subsequently probated, in which he devised the property to Buckner Orphans' Home. While there was no testimony contradicting that to the effect that a parol gift was made by Westcott and wife to the appellants in 1919, and the evidence shows that they had remained thereafter continuously in possession of the premises, the testimony also shows that during all of this time Westcott rendered this property for taxes in his name and paid same; and that Trawick accounted to Westcott for all gravel sold from the premises during his period of occupancy. There were neither pleadings nor proof that appellants had made any improvements whatever on the premises subsequent to the time they took possession of the same.

There was no testimony which would sustain a title by limitation, Trawick's only claim being that of a parol gift of the premises.

■ It is now well settled that a parol gift of land accompanied by delivery of possession and valuable improvements made in good faith will pass title to the donee. It is essential, however, that in order to establish a parol gift after the donors have died, proof must be full, clear, and satisfactory, and free from any ambiguity and doubt. It is also essential that substantial and valuable improvements must be made on the premises by the donees with the knowledge and consent of the donors upon the faith of such gift. In the instant case the appellants met neither of these requirements. See Martin v. Martin (Tex. Civ. App.) 207 S. W. 192 (writ ref.); Leonard v. Roller Mills Co. (Tex. Civ. App.) 229 S. W. 605.

Under these circumstances, the trial court properly directed a verdict in favor of the appellee. Judgment of the trial court is affirmed.

Affirmed.