## FRANZETTI v. FRANZETTI.

### No. 8729.

Court of Civil Appeals of Texas. Austin.

Jan. 4, 1939.

Rehearing Denied Feb. 1, 1939.

Cofer & Cofer, of Austin, for appellant.

George S. Dowell and Hart, Patterson, Hart & Brown, all of Austin, for appellee.

BAUGH, Justice.

Gertrude Franzetti sued appellee, Guiditta Franzetti, in trespass to try title to a house and lot, situated in Austin, Texas; and

prayed for, and was granted, a temporary injunction restraining Guiditta Franzetti from further prosecuting in the justice court a forcible entry and detainer suit theretofore filed against her by Guiditta Franzetti. In addition to general demurrer, general denial, and plea of not guilty, the defendant filed a cross-action in trespass to try title against Gertrude Franzetti, to which she also made her son, Louis Franzetti, husband of Gertrude, from whom he was separated, a defendant in such cross-action, and sought recovery of title and possession of said property as against both of them. By supplemental petition, Gertrude Franzetti asserted her title to the property predicated upon a parol gift thereof to her by Antonio Franzetti, deceased husband of Guiditta, during his lifetime; continuous possession of same by her thereafter, and improvements in good faith made by her. To this, Guiditta interposed, among other things, a plea of the statute of frauds. Louis Franzetti did not answer. At the close of plaintiff's evidence the trial court instructed a verdict in favor of the defendant, Guiditta Franzetti, dissolved the injunction, and rendered judgment in her favor on her cross-action against both Gertrude and Louis Franzetti; from which judgment Gertrude prosecutes this appeal on oath of inability to pay costs.

The first contention made is that there was ample evidence to go to the jury on the issue of a parol gift to the appellant of the property involved under such facts and circumstances as to remove it from the operation of the statute of frauds.

Louis Franzetti, son of Antonio Franzetti, and appellant were married in 1928. On April 14, 1930, a son was born to them. At that time they were residing on the property here involved. Without detailing the testimony here, we think it was clearly sufficient upon which the jury could have found that Antonio Franzetti, about the time of, or shortly after, the birth of his grandson, intended to make, and did make, a parol gift of said property to appellant and her infant son, that they might have it as a home. About that time, or shortly thereafter, the testimony showed that the real estate agent of Antonio Franzetti, who looked after his rental properties in Austin, came to appellant to collect rent from her on said property, and was informed by appellant that Antonio Franzetti had given her said property and that she would not pay any rent. No further effort was made by said agent to collect any rent, and appellant, her mother, and her infant son have continuously occupied, claimed, and used said property as a homestead. About three months after the birth of her son, Louis Franzetti separated from appellant and did not return. Antonio Franzetti died in the summer of 1931, some twelve or fifteen months after the asserted gift, and is not shown to have ever questioned it, though, according to the testimony, his agent had full notice of appellant's claim of the gift to her, and that she was continuously occupying said property as her own, under a claimed gift.

It is not controverted that appellant, and her then husband, Louis Franzetti, were in possession of the property at the time in question; nor that it was acquired by Antonio Franzetti in 1926, as community property of himself and Guiditta, and that he had authority to dispose of it. Its original cost was shown to have been $900.

Permanent improvements of the value of $150 were placed on said property by appellant in 1932, while in possession under a claim of ownership. These improvements were, however, made by appellant subsequent to the death of the alleged donor.

█ Under the decisions the requirements essential to remove a parol gift of land from the statute of frauds and render it enforceable in a court of equity now appear to be well settled. They are: (1) A gift in praesenti; (2) possession delivered by the donor at the time of the gift; and (3) substantial permanent improvements placed on the property by the donee, in reliance upon the gift, with the knowledge or consent of the donor; or, without such improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Trawick v. Buckner Orphans' Home, Tex.Civ.App., 45 S.W.2d 241; Turner v. Rogers, Tex.Civ.App., 106 S.W. 2d 1078; 21 Tex.Jur., § 16, p. 36. As to the first two of these requirements, the evidence was clearly sufficient to support a jury finding that they had been met. We have concluded, however, that because such improvements were not made until after the death of the alleged donor, appellant has not shown the grounds essential to remove the alleged gift from the operation of the statute of frauds.

Improvements made after the death of the donor have been expressly held not to remove a parol gift of land from the operation of the statute and render it enforceable in the following cases: Newcomb v. Cox, 27 Tex.Civ.App. 583, 66 S.W. 338; Hutcheson v. Chandler, 47 Tex.Civ.App. 124, 104 S.W. 434; Baldwin v. Riley, 49 Tex.Civ.App. 557, 108 S.W. 1192; Altgelt v. Escalero, 51 Tex.Civ.App. 108, 110 S.W. 989; Wilkerson v. Charo, Tex.Civ.App., 133 S.W. 481, writ refused; 21 Tex.Jur. § 19, p. 41. In support of her contention, appellant relies upon Edwards v. Old Settlers' Ass'n, Tex.Civ.App., 166 S.W. 423, writ refused. While language is used in that case, which, if taken alone and apart from the facts there involved, might indicate that improvements made after the death of the donor might suffice; when considered in the light of the facts there presented, that case is clearly distinguishable from the cases above cited wherein the exact question was presented, and is clearly not in conflict with them. In the Edwards Case, the improvements were begun in the lifetime of the lessor with his full knowledge, consent, and co-operation; and were completed after his death with the full knowledge, consent, and acquiescence of his wife, who accepted rent thereon and the full benefits therefrom for two years thereafter, and at no time repudiated the contract under which they were made. No such case is here presented and the Edwards Case is not here applicable.

The next question presented is whether the "other circumstances" shown by appellant would make it a fraud upon appellant not to enforce such parol gift. We have concluded that they do not. If the improvements be excluded, which they must because not made until after the death of the donor (Altgelt v. Escalero, supra), then what elements of fraud are to be found in the situation?

Appellant, her mother, and brother were living on the premises as tenants of Antonio Franzetti, her brother paying rent, in 1928, when appellant and Louis Franzetti were married. Thereafter Louis lived with them. Appellant's brother continued to reside with them paying rent to Antonio Franzetti's agent for about a year after such marriage, leaving the premises sometime in 1929. According to appellant's testimony she and Louis paid no rent after her brother left. Apparently they lived there without paying rent for about a year prior to the date of the alleged gift. After Louis left appellant, about three months after the date of the alleged gift, appellant and her mother continued to reside on said premises without payment of rent. At no time did appellant render said property for taxes nor pay any taxes nor carry any insurance on said property. In brief the occupancy and use of said property by appellant, except her claim of title after the alleged gift in April, 1930, continued in the same manner and under the same circumstances for the year following the alleged gift, as it had the year before such alleged gift, except that her husband, Louis Franzetti, had left her meantime. Her possession continued as before; she neither assumed nor discharged, prior to the death of Antonio Franzetti, any additional obligations because of the alleged gift; and the non-payment of rent after the alleged gift was but a continuation, so far as that was concerned, of a status that had existed for a year before the alleged gift.

On the other hand, the rental value of the property calculated at the monthly rental paid to Antonio Franzetti prior to the time payment of rent ceased, for the period appellant occupied said premises without payment, was in excess of the total value of the improvements made thereon by appellant after the death of the alleged donor. While such rental value, under more recent decisions, is not to be deducted from the value of the improvements made, in determining whether such improvements are permanent and of substantial value; where, as here, the improvements cannot be considered as removing the parol gift from the operation of the statute of frauds, the value of the improvements in relation to the rental value may be considered in determining whether the "other circumstances" would amount to a fraud upon such donee if a gift, otherwise insufficient, were not enforced.

Under these facts and circumstances, we fail to see where failure to enforce the parol gift, if such were made, would constitute such a fraud upon appellant as to warrant a court of equity in granting appellant the relief sought.

Nor was there any evidence that Guiditta Franzetti, after the death of Antonio, in any manner recognized, ratified, or acquiesced in the asserted gift, as was true in the Edwards Case, supra; or did anything which would estop her from asserting its invalidity. Appellant's own testimony indicates that she did not.

■ Appellant's next contention is that the defense of the statute of frauds is personal to the grantor or donor, cannot be invoked by a stranger to the contract, that Guiditta Franzetti was a stranger to the contract, and consequently cannot rely on the statute as a defense. The general rule is that a stranger to such parol contract cannot invoke the statute. 20 Tex.Jur. § 54, p. 264, and cases cited.

■ Manifestly this rule has no application to the instant case. Appellant, by suing Guiditta Franzetti, recognized that she was claiming an interest in said property. The first evidence introduced by appellant was a deed to this property to Antonio and Guiditta Franzetti, and an agreement that it was their community property. Appellant had no record title. The pleadings of both appellant and appellee presented the issue of an asserted parol gift of the property by Antonio to appellant. She claimed and had no other title. Having no legal title and having sued in trespass to try title predicated upon a gift in parol, appellant must recover upon the strength of her own title, and the alleged donor being dead, the burden rested upon her to show by clear and satisfactory evidence facts which would remove the asserted gift from the operation of the statute. Failing in this she was not entitled to recover, regardless of what claim of title others may have had. Cobb v. Johnson, 101 Tex. 440, 108 S. W. 811.

■ Not only was the title as claimed by appellant in derogation of the statute of frauds, Art. 3995, R.C.S.1925, but was also in violation of the statute of conveyances, Art. 1288, R.C.S.1925. Under the latter Article it now seems settled that where one claims title under a parol contract, an owner of the record title is not such stranger as to preclude him from setting up the statute as a defense to such claim. Masterson v. Little, 75 Tex. 682, 697, 13 S.W. 154; Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610; Wells v. Carter & Bro., Tex.Civ.App., 78 S.W.2d 678.

The next two contentions made by appellant are: (1) That the evidence, if not showing title to said property in her, was sufficient to establish a parol trust in her favor; or (2) that it raised a homestead interest in her behalf, in that Louis Franzetti, her husband who had abandoned her, was the son of Antonio Franzetti, deceased, and inherited a half interest in said property from his father, to which had already attached a homestead right in favor of appellant, and no final decree of divorce being shown, this homestead right continued in appellant.

■ Neither of these contentions can be sustained. There was no pleading by appellant on which to predicate either. While the general rule is that under an action in trespass to try title a plaintiff may show whatever title he has to the property; it is now settled that if his title be based upon limitation, or predicated upon facts and circumstances calling for equitable relief, such facts and circumstances must be pleaded. Mere pleading in trespass to try title is not sufficient. Meade v. Logan, Tex.Civ. App., 110 S.W. 188; Edwards v. Barwise, 69 Tex. 84, 6 S.W. 677; Hall v. Bradley, Tex.Civ.App., 282 S.W. 874; McKivett v. McKivett, Tex.Civ.App., 45 S.W.2d 1102, affirmed 123 Tex. 298, 70 S.W.2d 694; 41 Tex.Jur., §§ 78, 79, pps. 558, 559.

■ It is also settled rule that where a plaintiff sues in trespass to try title and in addition thereto pleads his title specifically, he is bound by the title relied upon in the special plea, and cannot thereafter rely on his formal plea of trespass to try title. 41 Tex.Jur., § 83, p. 562. While in the instant case the appellant's title was pleaded specially in her supplemental petition, and not in the original or amended original petition; it is clear that the pleadings of both parties confined the issues of this suit entirely and exclusively to that of title by parol gift. The pleadings raised that issue only and the case was tried and the evidence introduced on that theory only. Under such circumstances, and the well settled rule above stated, we think appellant's right of recovery is confined to this issue. She nowhere pleaded any homestead right arising from the inheritance by Louis Franzetti, her former husband, from his father; nor the establishment of a parol trust in the property for her benefit. Consequently she cannot now be heard to say that, under her general plea of trespass to try title, the evidence raised these issues.

■ The remaining contention of appellant attacks the capacity in which Guiditta Franzetti sued in her cross-action against appellant, and the relief granted her in the judgment,—that is, judgment for her individually for title, notwithstanding the record discloses that Antonio was dead and no showing was made whether administration of his estate was necessary. Perhaps the trial court might properly have rendered

a take nothing judgment against appellant, instead of expressly adjudging title to said land in Guiditta Franzetti. We fail to see, however, where such error, if it were error, could in any manner injure the appellant. If, as we conclude, the record conclusively shows that she had no title to said land, the capacity in which it was awarded to appellee could work no injury to her, and no one else is complaining. The error, therefore, if conceded, could prejudice the rights of appellant in no way, and as to her was harmless.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.