## DAVIS et al. v. CLEMENTS.

### No. 9961.

Court of Civil Appeals of Texas. Austin.
April 18, 1951.

Rehearing Denied May 16, 1951.

J. Hubert Lee, Austin, for appellants.

Paul T. Holt, Smith, Rotsch & Steakley and Cecil C. Rotsch, all of Austin, for appellee.

GRAY, Justice.

By this suit against appellee, appellants seek to establish a trust against a house and lot located in the city of Austin, the record title to which is in appellee. Appellants alleged that appellee made an oral gift to Mrs. Davis of another house and lot, the proceeds from the sale of which were used, in part, in the purchase of the house and lot in issue, and, in part, is represented by a vendor's lien note. Appellants also sue for damages for the alleged conversion by appellee of the vendor's lien note, and to recover household furniture located in the house in issue.

Appellee answered by special exceptions, general and special denials, plead the statute of frauds, limitation of one and two years, and filed a cross-action in the form of trespass to try title as to the house and lot.

At the time of the alleged gift to her and when this suit was first filed, Mrs. Davis was Mrs. Emma Anderson, afterwards she married Robert Davis, who became a party pro forma to the cause of action.

A trial to a jury was had and at the conclusion of appellants' testimony the trial court granted appellee's motion for an instructed verdict as to appellants' cause of action, heard evidence on appellee's cross-action, rendered judgment that appellants take nothing by their suit, and that appellee

recover title and possession of the house and lot.

In view of the action of the trial court in granting appellee's motion for an instructed verdict, we consider only the evidence favorable to appellants.

Mrs. Davis (appellant) testified that in 1946, appellee told her to find a house that she wanted for a home, that he would buy it for her and they would be married; that she found a house at 2013 East First Street in the City of Austin; that this house was purchased and she moved there in May 1946; that the house and premises were in a bad state of repair; that she cleaned up the house, refinished the frames around the doors and windows, did some painting, revarnished some of the floors and repainted some, laid out apartments, put a cement floor in the garage, rehung the garage doors, repaired the yard fences, did some yard work and trimmed and cleaned up the shrubbery. For these improvements she used part of the money that she already had. (No estimate of the value of the improvements made was given, and appellee did not deny that improvements were made.) She testified that appellee told her the house was in her name; that she had confidence in him, relied on his statements, and that she would not have moved in the house if she had known the deed was in appellee's name; that sometime after she moved in the house appellee moved there and remained there until the place was traded for another; that she located a house at 910 West Elizabeth Street in the City of Austin that she thought was suitable to trade the house at 2013 East First Street for; that she called in a real estate man who brought the owner of the West Elizabeth Street property and the trade was started; that appellee came in and she told him that she wanted to trade for a better house, and that appellee said: "It's your home. Do what you want to with it." That when "we" went to make the deal appellee said, "Wait a minute, darling, I will have to finish the deal for you, and I am buying you a better home, trading and buying a better home." That she did not know the property on East First Street was not in

her name until the deal for the West Elizabeth Street property was closed, and that appellee said, "I have made a deal for 910 West Elizabeth," and he said, "I've had to get a loan, and there's $800 difference in the two places, 910 West Elizabeth was $800 higher than the other," and there was a $2,000 loan on 2013 East First that she didn't know anything about until the day it was closed at 910 West Elizabeth. Appellee stated that for business reasons,—well, he said, "It doesn't hurt you. You still own the place." That she and appellee moved into the West Elizabeth Street property in July 1946, and lived there until December 1947; that a part of the house was rented to tenants; that she made the deals with the tenants and that they paid her, except when she was not there and then they paid appellee; that in December 1947, she decided she wanted a place that would bring in more income than she had and that she called a real estate man and told him she wanted to sell the place; that she located the house at Bouldin Avenue in the City of Austin, and appellee told her: "Find you another home wherever you want it. The money out of 910 West Elizabeth will go into your home where you select it." She said she priced the West Elizabeth Street property at $10,000; that it sold for $8,500 to Mr. and Mrs. Priddy; that they paid $2,500 in cash and gave a note for the balance. (It is this note that is in issue here.) Mrs. Davis further testified that the above $2,500 was paid on the Bouldin Avenue property plus the further sum of $1,500 paid by appellee and that a note was given for the balance of the purchase price, however, the giving of this later note is, to some extent, limited or explained by the following question to Mrs. Davis and her answer:

"Q. Will you state to the jury whether or not Mr. Clements said anything to you in regard to the additional money that he was putting in to make the down payment on 1501 Bouldin. A. Well, I'll just state it in these words: I objected to not getting more down payment on 910 West Elizabeth because there was a loan against 1501 Bouldin, and he said that the money that

was coming off of this note each month with a little bit of the rents that I was taking in on 1501 Bouldin would complete it, and he could sell the note at any time to pay off the loan against 1501 Bouldin, and the Priddy note was my note."

It appears that the furniture in the house on East First Street and, also, on Elizabeth Street was sold with those houses and that the house on Bouldin was purchased furnished; that only a few pieces of furniture were taken from West Elizabeth to Bouldin. As to the furniture there Mrs. Davis testified:

"Q. After you moved into 1501 Bouldin was there any more furniture in the place? A. The place was furnished.

"Q. The place was furnished? A. At 1501 Bouldin.

"Q. And thereafter was any additional furniture bought and placed in there? A. Yes, he bought some additional furniture and I came and picked the furniture out and he told me to select what I wanted and he would pay for it, and he did so.

"Q. Now, did he ever make you a gift of the furniture? A. He said, 'The furniture is yours. All furniture is yours,' because I had left furniture in each house."

She further testified that the value of the furniture in the house on Bouldin is around $1,200; that appellee left this place around November 1, 1949, and that since she has been paying the utility bills (except the telephone, which was in appellee's name), and monthly installments of $63.92 on the property.

Mrs. Anderson and appellee did not marry.

Appellee denied that he gave the East First Street property to Mrs. Davis, or that he made a gift to her of the furniture or the Priddy note. He said Mrs. Davis was at all times his housekeeper and that she was paid a salary for her services, but he made no statement as to improvements made on the East First Street property. He said that the cost of the East First Street property was $5250 including the furniture; that the property on East First Street was not traded for the property on West Elizabeth, but that "we ex- changed the payments that was due on those places." However, by admissions on file appellee admitted he traded the property on East First Street for the property on West Elizabeth.

Mrs. Edna Doyle testified that she visited at 910 West Elizabeth and that while she was there appellee asked her how she liked her mother's home, that he had bought it for her, and told her that they were going to be married.

Mrs. Donna Gregg testified that appellee told her that the East First Street property "belonged to Mrs. Anderson."

Mrs. Myrtis Desby testified that appellee told her before the East First Street property was purchased that he was buying Mrs. Anderson a home, and afterwards that he had bought her a home.

The record before us presents the question of whether or not the evidence was sufficient to raise issues of fact to be determined by the jury. First, did appellee make a gift of the East First Street property to Mrs. Davis (then Mrs. Anderson)? If so, then was the evidence sufficient to take the gift out of the operation of the statute of frauds?

In Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195, 196, Er.Ref., this court said: "Under the decisions the requirements essential to remove a parol gift of land from the statute of frauds and render it enforceable in a court of equity now appear to be well settled. They are: (1) A gift in praesenti; (2) possession delivered by the donor at the time of the gift; and (3) substantial permanent improvements placed on the property by the donee, in reliance upon the gift, with the knowledge or consent of the donor; or, without such improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. Davis v. Douglas, Tex.Com.App., 15 S.W. 2d 232; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Trawick v. Buckner Orphans' Home, Tex. Civ.App., 45 S.W.2d 241; Turner v. Rogers, Tex.Civ.App., 106 S.W.2d 1078; 21 Tex.Jur., § 16, p. 36."

■ Under the evidence we think the jury could have found: (1) that appellee made a gift of the East First Street property to Mrs. Davis (then Mrs. Anderson); (2) that she accepted the gift by moving into the property; (3) that she made improvements on the property with the knowledge and consent of appellee— he having moved into the house shortly after Mrs. Anderson moved there, and continued to reside there until the property was sold or exchanged; and (4) though the value of the improvements made is not shown, it was an issue of fact as to whether or not the improvements were substantial, valuable and permanent. Eastland v. Basey, Tex.Civ.App., 196 S.W.2d 336; Nichols v. Nichols, Tex.Civ.App., 170 S.W.2d 558; Johnson v. Perkins, Tex.Civ.App., 140 S.W.2d 282, Er.Dis.Judg.Cor. All of these elements were issues of fact to be determined by the jury from a preponderance of the evidence. Eastland v. Basey, supra.

■■ We do not think that under the testimony of Mrs. Davis to the effect that appellee made a gift to her of the property on East First Street and further told her they would be married (which is denied in toto by appellee), it can be said that as a matter of law the gift is made upon consideration of marriage within the provisions of Art. 3995, Vernon's Ann.Civ.St. Neither do we think that appellant's cause of action is barred by the one year limitation provided in Art. 5524, Vernon's Ann. Civ.St. As we view the evidence before us it simply makes an issue of whether or not there was an ordinary gift of the property. Mrs. Davis testified she accepted the gift and her further testimony that appellee said they would be married does not show an agreement by her to marry appellee, nor that the alleged gift was made on consideration of marriage. See Shaw v. Christie, Tex.Civ.App., 160 S.W.2d 989; Ludeau v. Phoenix Ins. Co., Tex.Civ.App., 204 S.W.2d 1008, Er.Ref. N.R.E. Further, we can not say as a matter of law when the promise of marriage, if any, was breached.

■ Appellee's plea of limitation of two years under Art. 5526, Vernon's Ann. Civ.St., is not a bar to appellant's cause of action. The suit was filed October 20, 1949, the house at 1501 Bouldin was purchased in December 1947. As testified to by Mrs. Davis the furniture in that house was purchased at that time, and afterwards, and that it was then given to her. There was no manual delivery of the furniture at the time, but the parties resided in the house where it was located and manual delivery was not necessary if the gift was in fact completed. 38 C.J.S., Gifts, § 23, page 803. As to the Priddy note, appellants alleged it was held in trust for Mrs. Davis by reason of its being a part of the purchase price of the property on West Elizabeth Street, was being held by appellee to pay off the indebtedness on Bouldin, and that the same had been converted by appellee, for which appellants prayed damages.

Appellants alleged, and Mrs. Davis testified, that appellee left the premises on Bouldin in October or November 1949. This no doubt left Mrs. Davis in some character of possession of the property there. Up until this time there does not appear to have been any repudiation of the trust claimed by Mrs. Davis, and there had been no request for, or a refusal of, transfer of title to the property or a settlement of accounts, for which reasons it does not appear that limitation had run against appellants' claim. 42 Tex.Jur., pp. 748–752, Secs. 129–31.

■ Appellee says there was no legally admissible evidence identifying the three houses and lots involved here. His complaint is as to the admission of certified copies of the deeds to those lots. In appellants' pleading they called on appellee to produce the original deed to the East First Street property and gave notice that unless the deed was produced secondary evidence would be resorted to. It also appears appellants made formal demand on appellee to produce the originals of the several deeds. We think the court did not err in admitting the certified copies. Galloway v. Moeser, Tex.Civ.App., 82 S.W.2d 1067.

■ Appellants sued for all of the household furniture and fixtures located in

the house on Bouldin and Mrs. Davis testified that appellee gave her all of the furniture there. The evidence was sufficient to present a jury issue as to the furniture.

Because it is our opinion that the trial court erred in granting appellee's motion for an instructed verdict, the judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

On Appellee's Motion for Rehearing.

Appellee has filed a motion for rehearing wherein he says we erred in our original opinion in several respects. However, we think we need to discuss only his complaint that we erred in holding admissible certified copies of deeds to the lots involved, and that our holding and our cited authority, Galloway v. Moeser, Tex.Civ.App., 82 S.W.2d 1067, conflict with Henry v. Bounds, Tex.Civ.App., 46 S.W. 120.

We reversed and remanded this cause for the reasons that the evidence presented issues of fact for the jury to determine: (1) whether or not appellee made a gift to appellant of household furniture, and (2) whether or not appellee made an enforcible gift to appellant of a house and lot which she alleged was sold and the proceeds of such sale used in the purchase of other property. It is by virtue of this alleged gift of a house and lot, its sale and the use of the proceeds of that sale that appellant seeks to establish a trust in her favor against a house and lot described in her petition and which is claimed by appellee to be his own. It is therefore not necessary for us to determine the admissibility of the certified copies of the deeds, nor to discuss the authorities supra, or other authorities, since a holding that the certified copies were, or were not, admissible is not necessary to our decision and would not change our judgment of reversal and remand.

Upon another trial, if this question should arise, we direct attention to Arts. 3726 and 3726b, Vernon's Ann.Civ.St., and appellee's "Reply to Request for Production of Original Papers."

The motion for rehearing is overruled.

Overruled.